# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:14-CR-163-RJC-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES EDWARD MCLEAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For A Court Ordered Tuberculosis Test" (Document No. 9) filed by the government in this matter on October 8, 2014. James Edward McLean ("Defendant") is currently detained and has been ordered to undergo a competency examination while in the custody of the Bureau of Prisons. Defendant has refused the tuberculosis test required of all persons coming into the Bureau of Prisons. For the reasons stated below, after a careful review of the facts and law relevant to this matter, the motion will be <u>granted</u>.

Defendant is charged by "Bill Of Indictment" (Document No. 8) with making false statements to a firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A). In an "Order" dated August 1, 2014, the Court granted the government's oral motion for a competency evaluation pursuant to 18 U.S.C. § 4241, committing Defendant to the Bureau of Prisons for that examination. (Document No. 6). Regrettably, after a period of delay, the Court was informed that Defendant had not been transported to the Bureau of Prisons because he had refused to comply with the required tuberculosis test. Less formal solutions to this problem, including

asking defense counsel and family to confer with Defendant, have failed. The result is the government's pending motion. (Document No. 9).

Neither the government's motion, nor the response of Defendant's counsel, contains any analysis of the legal issues before the Court. The undersigned's own research reveals that many courts across the country have addressed legal issues associated with mandated tuberculosis testing. See e.g., Ballard v. Woodard, 641 F.Supp. 432 (W.D.N.C. 1986); Sample v. Angelone, 1999 WL 52347 (4th Cir. Feb. 5, 1999); Darby v. Schuetzle, 2009 WL 700631 (D.N.D. March 13, 2009); Henderson v. St. Joseph Jail, 2014 WL 4057445 (N.D. Ind. August 14, 2014). The recent decision in Henderson offers a particularly instructive analysis:

> Because of the medical risks posed by exposing others to an infected inmate, courts have found that such testing is not unconstitutional. "[T]uberculosis can be a serious problem in prisons. If allowed to spread it can result in highly undesirable situations." Forbes v. Edgar, 112 F.3d 262 (7th Cir. 1997). "Effective disease control requires systematic skin testing McCaster v. Clausen, 684 F.3d 740 (8th Cir. 2012)." Prisons are high risk environments for tuberculosis infection. Thus, screening and control measures are necessary to prevent outbreaks. DeGidio v. Pung, 920 F.2d 525 (8th Cir. 1990) (footnote omitted). "We have recognized that prison must test prisoners for tuberculosis in order to prevent widespread infection. Lee v. Armontrout, 991 F.2d 487 (8th Cir. 1993). See also McCormick v. Stalder, 105 F.2d 1059 (5th Cir. 1997) (upholding forced treatment for TB); Africa v. Horn, 998 F.Supp. 557 (E.D. Pa. 1998) (upholding the requirement that inmates either take the TB test or remain in segregated housing for 12 months); Westbrook v. Wilson, 896 F.Supp. 504 (D.Md. 1995) (upholding placing inmates on medical segregation if they refused TB testing); Ballard v. Woodard, 641 F.Supp. 432 (W.D.N.C. 1986) (upholding forced TB testing); Hasenmeier—McCarthy, 986 F.Supp. 464 (upholding forced TB testing). Though courts have raised concerns where the objection to the TB test was based on a sincerely held religious belief or where the inmate had been subjected to extended and severe deprivations for refusing the test, see Williams v. Greifinger, 97 F.3d 699 (2dCir. 1996) and Jolly v. Coughlin, 76 F.3d 468 (2d Cir. N.Y. 1996), the complaint here does not raise either concern in this case.

Henderson, 2014 WL 4057445, at *1.

The Court finds, based on the totality of the circumstances presented here, that requiring the tuberculosis test – even over Defendant's objection – is appropriate. While the Court will leave the particulars of the testing in the discretion of those in the detention facility, the Court respectfully suggests that the least intrusive means possible be employed. Testing should be completed immediately, and assuming a negative result, Defendant should be transported to the Bureau of Prisons for his competency evaluation at the earliest possible date.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For A Court Ordered Tuberculosis Test" (Document No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this Order to the United States Marshal.

**SO ORDERED**.

Signed: November 6, 2014

David C. Keesler
United States Magistrate Judge